UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**LEROY SAMPY, JR.**                  **DOCKET NO. 6:23-cv-0686   SEC P**

**VERSUS**                           **JUDGE S. MAURICE HICKS, JR.**

**UNKNOWN DEFENDANTS, ET AL.**      **MAGISTRATE JUDGE AYO**

## MEMORANDUM ORDER

Before the court is a civil rights complaint (Rec. Doc. 5) filed pursuant to 42 U.S.C. § 1983 by plaintiff Leroy Sampy Jr., who is proceeding *pro se* and *in forma pauperis* in this matter. Sampy is a prisoner in the custody of the Louisiana Department of Corrections, currently incarcerated at the Lafayette Parish Correctional Center (LPCC) in Lafayette, Louisiana. This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court.

### I.     Background

Plaintiff alleges that on or about June 21, 2022, he reported to the LPCC floor deputy, sergeant, lieutenant, and captain that he overheard inmates saying they were going to "jump me because of my charge." Doc. 5, p. 3. He was then put back in his cell and jumped by a "bunch of guys." *Id.* He was taken to medical and told he had a broken shoulder. He complains that after a year, he is still in pain and has a missing tooth. Sampy asks to be put in protective custody, to be given medical treatment, and awarded monetary compensation.

### II.    Law & Analysis

#### A. Frivolity Review

Sampy has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court

-1-

determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. Section 1983

Federal law provides a cause of action against any person who, under the color of law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus, in order to hold the defendants liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law; that is, that the defendant was a state actor. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### C. Rule 8 Considerations

Rule 8 of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Under Rule 8, the complaint must allege "sufficient facts from which the court can determine the existence of subject matter jurisdiction and from which the defendants

can fairly appreciate the claim made against them." *Bynum v. Terrebonne Parish Consol. Gov't*, 2011 WL 6654985, at *3 (E.D. La. Nov. 8, 2011) (citations omitted).

Sampy makes the conclusory allegation that he was denied due process but fails to provide sufficient details for the court. He must amend his complaint to state:

(1) the name(s) of each person who allegedly violated plaintiff's constitutional rights;

(2) a description of what actually occurred or what **each defendant** did to violate plaintiff's rights;

(3) the place and date(s) that each event occurred; and

(4) a description of the alleged injury sustained as a result of the alleged violation.

### 1. *Defendants*

#### a. *Supervisory officials*

Sampy names as a defendant an individual who appears to have a supervisory role, the Lafayette Parish Sheriff. Plaintiff is hereby advised: "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; and (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir.1992), *cert. denied*, 508 U.S. 951 (1993). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim. Justice, Inst. Div.*, 37 F.3d 1146, 1150 (5th Cir.1994), *cert. denied*, 514 U.S. 1107 (1995). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.), *cert. denied*, 464 U.S. 897 (1983). In other words, to the extent that plaintiff seeks to name a supervisory official as a defendant, he must allege facts sufficient to demonstrate either personal involvement or the implementation of unconstitutional policies by the Sheriff.

### *b. Unknown defendants*

A civil rights action may be initiated against unidentified defendants when their true names are not yet known but may be learned. *See Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 390 n. 2 (1971) (noting that the district court ordered the complaint served upon the agents that arrested the plaintiff according to the records of the United States Attorney). In certain circumstances, a plaintiff should be given the opportunity through discovery to discover the identities of unnamed defendants. *Murphy v. Kellar*, 950 F.2d 290, 293 (5th Cir. 1992); *Hittle v. City of Garland*, 1 F.3d 1236 (5th Cir. 1993) (unpublished opinion) (same). Discovery is warranted when it is possible that a plaintiff could identify unknown defendants by physical descriptions, partial names or nicknames, position, date, time and/or specifics of the incident, or from duty rosters and personnel records, records available to the defendants' representative, or known defendants who were participants in the same incident as the unknown defendant. *See Murphy*, 950 F.2d at 293 (identities of unknown defendants for whom plaintiff provided physical descriptions, partial names and positions, could be determined from duty rosters and personnel records); *Green*, 260 Fed. Appx. 717, at *2 (identity of unknown correctional officer could be determined based on physical description of officer on duty at time and place of incident); *Bivens*, 403 U.S. at 390 n. 2 (identities of officers who arrested defendant could be determined from U.S. Attorney's records).

Plaintiff should amend to provide some way to identify the unknown defendants, including physical descriptions, partial names or nicknames, positions, date, time and/or specifics of the incident(s), or from duty rosters and personnel records, records available to the defendants' representative. Once identified in some way, plaintiff should amend to comply with Rule 8 to provide a description of what actually occurred or what each defendant

did to violate plaintiff's rights, the place and date(s) that each event occurred, and a description of the alleged injury sustained as a result of the alleged violation.

2. *Claims*

   a. *Failure to Protect*

Prison officials have a constitutional duty to protect prisoners from violence at the hands of their fellow inmates. *See Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). Prison officials are not, however, expected to prevent all inmate-on-inmate violence. *Id*. at 834. Prison officials can be held liable for their failure to protect an inmate only when they are deliberately indifferent to a substantial risk of serious harm. *See id*. A prison official is deliberately indifferent if he knows of an "excessive risk to inmate health or safety" and disregards that risk. *Id*. at 837. A prison official "knows of" an excessive risk only if: (1) he is aware of facts from which he could infer that a substantial risk of serious harm exists; and (2) he draws the inference. *Id*. In other words, in order to be deliberately indifferent, a prison official must be subjectively aware of the risk. *Id*. at 839-40.

"Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference." *Alton v. Tex. A & M Univ*., 168 F.3d 196, 201 (5th Cir. 1999). To reach the level of deliberate indifference, official conduct must be "wanton," which is defined to mean "reckless." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985); *Alderson*, 848 F.3d at 420.

To the extent that plaintiff is suing governmental officials in their individual capacities, he must allege specific conduct giving rise to a constitutional violation. *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002) (citing *Anderson v. Pasadena Indep. Sch. Dist*., 184 F.3d 439, 443 (5th Cir. 1999)). This standard requires more than conclusory assertions. The

plaintiff must allege specific facts giving rise to a constitutional violation. *Id.* (citing *Baker v. Putnal*, 75 F.3d 190, 194 (5th Cir. 1996)).

Plaintiff must amend to state:

1. Which defendants he contends had specific knowledge that he faced a substantial risk of harm,

2. Facts indicating that each named/identified defendant had specific knowledge that he faced a substantial risk of harm by the inmate or inmates that attacked him,

3. Facts which indicate that each named/identified defendant acted wantonly or recklessly and with deliberate indifference,

4. What was happening just prior to the attack?

5. Did each named/identified defendant have prior knowledge of the attack?

6. How long did the attack last?

7. What prompted the attack to end?

### b. *Medical Care*

Sampy also claims that he has been denied prompt and adequate medical attention following the physical altercation. The federal constitutional rights of an incarcerated person, whether he is a pretrial detainee or a convicted prisoner, are violated only if his serious medical needs are met with deliberate indifference on the part of penal authorities. *See Thompson v. Upshur County, Texas,* 245 F.3d 447, 457 (5th Cir. 2001); *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999). On that point, the United States Fifth Circuit Court of Appeals has explained:

> Deliberate indifference is an extremely high standard to meet. It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference. Rather, the plaintiff must show that officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. Furthermore, the decision whether to provide

>  additional treatment is a classic example of a matter for medical judgment. And, the failure to alleviate a significant risk that the official should have perceived, but did not is insufficient to show deliberate indifference.

*Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (quotation marks, brackets, and citations omitted). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997); *see also Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999).

Plaintiff's allegations herein are insufficient. He should amend his complaint to provide the following:

1. the type of treatment he was being given;

2. the medication he was given;

3. the date each medication was stopped;

4. the treatment and medication he claims that he is entitled to;

5. the injuries and the harm sustained as a result of the defendant's fault;

6. facts which tend to establish deliberate indifference on the part of the defendant.

### 3. Conclusion

Sampy must amend his complaint to address the deficiencies described above, and to dismiss the claims that cannot be cured through amendment.

Accordingly,

**THE CLERK IS DIRECTED** to mail a copy of this order to Sampy at his last address on file.

**IT IS ORDERED** that Sampy amend his complaint within **thirty (30) days** of the filing of this order to cure the deficiencies as outlined above. Failure to comply with this order

may result in dismissal of the claims above under Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 82 S. Ct. 1386 (1962). Sampy is further required to notify the court of any change in his address under LR 41.3. Failure to do so will result in a recommendation that this action be dismissed without prejudice.

THUS DONE AND SIGNED in Chambers this 13th day of July, 2023.

_____
David J. Ayo
United States Magistrate Judge