UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**LEROY SAMPY**                                    **CASE NO. 6:23-CV-00686 SEC P**

**VERSUS**                                         **JUDGE S. MAURICE HICKS, JR.**

**UNKNOWN DEFENDANTS, ET AL**                      **MAGISTRATE JUDGE AYO**

**MEMORANDUM ORDER**

Before the Court is a letter from Plaintiff Leroy Sampy, construed by the Court as a motion to transfer to a different facility, a request for all documents in his case, and a request for legal aid, filed on August 22, 2025. Rec. Doc. 34. At the time the motion was filed, plaintiff was incarcerated at the River Bend Detention Center in Lake Providence, Louisiana. *See* Rec. Doc. 13-1.

Subsequent to the filing of this motion, Plaintiff was transferred to the Catahoula Correctional Center in Harrisonburg, Louisiana. *See* Rec. Doc. 37. While plaintiff is not entitled to a transfer to the place of his choosing, his request for transfer is nevertheless rendered MOOT by his move to Catahoula Correctional Center.

With respect to his request for all documents filed in his case, plaintiff was notified by the clerk's office that the Court is unable to provide the information sought, as the Court charges for copy work requests. *See* Rec. Doc. 34-2. He was informed that he must pay for copies in advance. *Id.*

Finally, plaintiff's request for counsel or legal assistance is denied at this time. In *Bounds v. Smith*, the Supreme Court held that a prisoner's constitutional right of access to the courts requires that the access be meaningful; that is, prison officials must provide pro **se** litigants with writing materials, access to the law library, or other forms of legal

assistance. *Bounds v. Smith*, 430 U.S. 817, 829, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977). There is, however, no constitutional right to appointment of counsel in civil rights cases. *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994); *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). Further, *Bounds* did not create a "free-standing right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 116 S. Ct. 2174, 2180, 135 L. Ed. 2d 606 (1996). It is within the Court's discretion to appoint counsel, unless the case presents "exceptional circumstances," thus requiring the appointment. 28 U.S.C. § 1915(e)(1); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).

Should the matter proceed past initial review, and should the Court determine that the circumstances presented in Plaintiff's suit are "exceptional" so as to warrant the appointment of counsel or additional legal assistance, the Court will revisit Plaintiff's request.

Based on the foregoing,

**IT IS ORDERED** that the instant motion (Rec. Doc. 34) is **DENIED.**

**THUS DONE AND SIGNED** in chambers this 25th day of September, 2025.

_____
David J. Ayo
United States Magistrate Judge